Victor Manuel Quinonez **RECINOS;** Maria Victoria Quinonez; Cindy Michelle Quinonez Enamorado; Victor Armando Quinonez Enamorado; Nadia Lucrecia Quinonez Enamorado, Petitioners,

v.

John **ASHCROFT,** Attorney General, Respondent.

No. 02–72053.

Agency Nos. A28–567–777, A75–530–147, A75–530–146, A75–530–148, A75–530–149.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 23, 2004.

Frank E. Ronzio, Ronzio & Associates, Michael Hernandez, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Cindy S. Ferrier, Jennifer A. Parker, Anthony W. Norwood, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

MEMORANDUM**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Victor Manuel Quinonez Recinos ("Recinos"), his spouse Maria and their three children, all natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") order affirming, without opinion, an immigration judge's ("IJ") denial of their application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

We conclude that substantial evidence supports the IJ's determination that, even if the threats against Recinos rose to the level of persecution, those threats were motivated by business and monetary considerations, and not by a political opinion held by or attributed to Recinos. *See Reyes–Guerrero v. INS,* 192 F.3d 1241, 1245 (9th Cir.1999) (stating that to warrant asylum "the applicant must establish a 'causal connection' between the persecution and the political opinion"). By failing to qualify for asylum, petitioners necessarily fail to satisfy the more stringent standard for withholding of removal. *See Alvarez Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Petitioners' contention that the BIA's streamlining regulations violate their right to due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–51 (9th Cir.2003) (holding that the BIA's streamlining procedure does not violate an alien's due process rights).

The motion to hold the disposition of this petition in abeyance pending the outcome of petitioner Nadia Lucrecia Quinonez Enamorado's motion to remand is denied as moot because the BIA granted the motion to remand on January 6, 2003.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was granted, or continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc,* to the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**